8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virginia CLARK; Marie Evers; Susan Ray; Anastasia
Preciado; George Frazier; Evelyn Carlin; Solange Soja, by
her guardian ad litem Susette Soja; Sobrique Soja, by her
guardian ad litem Susette Soja; Carol Charney, on Behalf of
Themselves and All Others Similarly Situated, Plaintiffs-Appellees,
v.
Molly Joel COYE, M.D., M.P.H., Director, State Department of
Health Services, Defendant-Appellant.
 No. 92-16852.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 30, 1993.
Decided Oct. 5, 1993.
 
 Before: REINHARDT and KOZINSKI, Circuit Judges, and EZRA,* District Judge
 MEMORANDUM**
 On June 23, 1992, we affirmed the district court's judgment of liability, and remanded on the issue of the appropriate injunctive remedy for the state of California's violation of the federal Medicaid access-to-care provision. On remand, the magistrate judge entered a permanent injunction requiring Denti-Cal provider reimbursement at a rate of 80 percent of average billing. On this appeal, California challenges this rate of reimbursement as well as the injunction's automatic annual readjustment provision. We affirm in part, reverse in part, and remand.
 California contends that the magistrate judge abused his discretion in adopting the plaintiff-proposed 80 percent reimbursement rate when he concluded that the state-proposed 55 percent rate, which had been in effect for one year, did not comply with the federal access-to-care standard. We reject the state's contention that the decision was arbitrary. The magistrate judge considered evidence of changes under the 55 percent rate and made findings, none of which is clearly erroneous, that the 55 percent rate resulted in no significant increase in the number of active providers, no significant increase in provider participation, and no significant change in utilization rate. Neither is the magistrate judge's previous finding that lack of equal access to dental care by Medi-Cal recipients is primarily the result of inadequate compensation clearly erroneous. Based on these findings, the magistrate judge did not abuse his discretion in imposing the 80 percent rate once he concluded that the state-proposed and state-implemented 55 percent rate was inadequate. We affirm the injunction's 80 percent reimbursement rate provision.
 The state also objects to the injunction's provision for automatic annual readjustment of the provider reimbursement rate based on prior year billings. We note that California's objection that automatic readjustment encourages inflated billings is largely a result of the state's own choice of a benchmark for reimbursement--average Denti-Cal billings rather than usual customary rates. Some reasonable provision for automatic readjustment is an appropriate means of preventing constant court supervision of the Denti-Cal program. However, a requirement of perpetual annual readjustment is excessive and an abuse of discretion. Three years would appear to be a reasonable period of automatic readjustment without plenary court review of the program's compliance with federal law. After three years, the district court should terminate the injunction unless it concludes, after an adequate evidentiary hearing, that the Denti-Cal program is in violation of the provisions of the injunction or remains in violation of the federal access-to-care standard. Annual status reviews by the district court, such as the one scheduled for November 1993, should remain a part of administering the three-year injunction.
 We affirm the reimbursement rate and automatic annual readjustment provisions of the injunction. We reverse the provision for annual readjustment until further order of the district court and remand for the magistrate judge to set a three-year limit on the injunction, subject to extension under the circumstances set forth in the preceding paragraph.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3